UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELA WEDEL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>Acting Commissioner of the )<br>Social Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-20-659-P |

**ORDER**

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. 42 U.S.C. § 423. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___). The parties have briefed the issues and consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). For the following reasons, Defendant's decision is reversed and remanded for further proceedings consistent with this Order.

I.   Administrative History and Agency Decision

Plaintiff filed her application for DIB on October 23, 2016. Her application alleged she became disabled on June 1, 2016. The claim was denied initially and on reconsideration. Plaintiff, unrepresented, appeared and testified at two hearings

before an Administrative Law Judge ("ALJ"), first on October 11, 2018, AR 55-85, and again on May 30, 2019. AR 30-53. Vocational experts ("VE") appeared and testified, one at each hearing. The ALJ issued an unfavorable decision on June 19, 2019. AR 13-23. The Social Security Appeals Council denied Plaintiff's request for review. AR 2-6. Thereafter, Plaintiff filed this appeal.

The ALJ followed the familiar five-step evaluation process to determine whether Plaintiff was disabled within the meaning of the Act. At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since June 1, 2016, the alleged onset date. AR 15. At step two, the ALJ found Plaintiff had severe, medically determinable impairments including rheumatoid arthritis, hypertension, lupus, and obesity. AR 16. The only nonsevere medically determinable impairments the ALJ identified and discussed were depression and anxiety disorders.

At the third step of the sequential evaluation process, the ALJ determined that none of Plaintiff's severe impairments, alone or in combination, met or medically equaled one of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 16-17. At the first phase of step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand, walk, and sit for about six hours in an eight-hour workday. The claimant can frequently climb ramps and stairs, but can only occasionally climb

ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl.

AR 17. The ALJ then determined Plaintiff cannot perform any of her past relevant work, all of which was performed at the medium exertional level. AR 21.

At the fifth step of the sequential evaluation, the ALJ considered Plaintiff's age, her education, her RFC, and the testimony of the VE and concluded there are jobs existing in significant numbers in the national economy that Plaintiff can perform. AR 22-23. The ALJ identified three such jobs: mail clerk, office helper, and cashier II. The ALJ determined the testimony of the VE was consistent with the information listed for these jobs in the *Dictionary of Occupational Titles*. AR 23. Accordingly, the ALJ determined Plaintiff is not disabled.

Because the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the final decision of the Commissioner. 20 C.F.R. § 404.981; *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009).

II. Standard of Review

The Social Security Act authorizes payment of benefits to an individual with disabilities. 42 U.S.C. § 401, *et seq*. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death[,] or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 20 C.F.R. § 404.1509 (duration requirement). Both the

"impairment" and the "inability" must be expected to last not less than twelve months. *Barnhart v. Walton*, 535 U.S. 212 (2002).

The Court must determine whether Defendant's decision is supported by substantial evidence in the record and whether the correct legal standards were applied. *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, ___ U.S.___, 139 S. Ct. 1148, 1154 (2019). Substantial evidence "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations omitted).

The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation, quotations, and alteration omitted). The Court must also be mindful that reviewing courts may not create post-hoc rationalizations to explain Defendant's treatment of evidence when that treatment is not apparent from the decision itself. *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005) (citing, e.g., *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004); *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)).

III.   Issues

First, Plaintiff argues the ALJ erred in formulating the RFC by failing to account for the limiting effects of Plaintiff's severe asthma and chronic bronchitis, which require her to use a nebulizer. Plaintiff also correctly asserts the ALJ misread, and therefore misrepresented, the medical record regarding alleged improvement in her condition after a 2017 hospitalization for breathing difficulties.[1] Doc. No. 23 at 11-21.

Second, Plaintiff contends the ALJ erred at step three by failing to discuss medical records supporting his conclusion that Plaintiff's limitations and symptoms resulting from systemic lupus erythematosus ("SLE") did not meet or equal the criteria for the listing at 14.02. Doc. No. 23 at 21-31. Because this error alone requires remand, the undersigned need not address the first issue raised by Plaintiff. *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (noting that when the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal); *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We

---

[1] In his decision, the ALJ stated that following hospitalization, Plaintiff "reported that she was returning to normal activity levels." AR 19 (citing Exhibit 8F, p. 10). However, the record upon which the ALJ relied was Plaintiff's discharge from *physical therapy one year earlier* reflecting improvement in her knee and was not related to Plaintiff's 2017 hospitalization and/or her breathing capacities. AR 19, 911, 1494.

5

will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").[2]

IV.  Step Three Analysis

At the third step of the sequential analysis, the ALJ is required to determine whether a plaintiff's impairments are "equivalent to one of a number of listed impairments that [Defendant] acknowledges as so severe as to preclude substantial gainful activity." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quotations omitted). The ALJ must "discuss the evidence and explain why he found that [a plaintiff] was not disabled at step three." *Id.* An ALJ who states only a "summary conclusion that [the plaintiff's] impairments did not meet or equal any Listed Impairment" has not provided an adequate explanation that allows for "meaningful judicial review." *Id.*

As Defendant notes, however, *Clifton* does not "reject the application of harmless error analysis," *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005), and an ALJ's decision that fails to include specific step three findings may be affirmed when the step three determination is supported by "confirmed or unchallenged findings made elsewhere in the ALJ's decision." *Id.* at 734. For

---

[2] The Court notes, however, that on remand, the ALJ should consider all of Plaintiff's impairments, including her asthma and chronic bronchitis, should consider whether her use of a nebulizer imposes additional limitations, and should strive to accurately cite the record.

instance, the ALJ could include adequate reasoning in steps four or five of his analysis that "conclusively preclude [a plaintiff's] qualification under the listings at step three" such that "[n]o reasonable factfinder could conclude otherwise." *Id.* at 735. If, however, there are no findings that "conclusively negate the possibility" that a plaintiff can meet a relevant listing, the Court must remand to the ALJ for further findings. *Murdock v. Astrue*, 458 F. App'x 702, 704 (10th Cir. 2012).

In this case, Plaintiff contends the ALJ failed to provide sufficient reasoning at step three to support his conclusion that Plaintiff's impairments did not meet or medically equal Listing 14.02, Systemic Lupus Erythematosus. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.02A. The Court agrees.

The "A" criteria of Listing 14.02 require the following: (1) a diagnosis of lupus, (2) involving two or more organs or body systems, (3) with one of the body systems involved to at least a moderate level of severity; and (4) at least two of the constitutional signs or symptoms, which are severe fatigue, fever, malaise, or involuntary weight loss. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 14.02A.

Here, the ALJ devoted only one paragraph to the entirety of his step-three analysis simply noting the listings he had considered:

> The undersigned has considered the impairments listed in Appendix 1 to Subpart P of Part 404 of the Regulations and finds that the claimant's impairments do not singularly or in combination meet the required criteria for any of the impairments listed under Section 1.02 *Major dysfunction of a joint(s) (due to any cause)*; 1.03 *Reconstructive surgery or surgical arthrodesis of a major weight bearing joint*; 14.02 *Systemic Lupus*

>    *Erythematosus*; 14.09 *Inflammatory arthritis*; or any other listed impairments. The signs, symptoms, and history of treatment presented in the evidence of record are inconsistent with any impairment of listing-level severity.

AR 17.

The ALJ's step three analysis is devoid of discussion regarding the criteria a claimant must demonstrate to meet any of the listings he considered, nor does it include a discussion of any medical evidence in support of his conclusion that none of Plaintiff's impairments meets or equals a listed impairment. The ALJ merely stated in a conclusory manner that the evidence does not meet Listing 14.02 or any other listing. AR 17. This approach falls woefully short of meeting the requirement that the ALJ discuss the relevant evidence and explain on the record why Plaintiff's impairment did not meet or equal the listing in question. *See Dye v. Barnhart*, 180 F. App'x 27, 29 (10th Cir. 2006) (finding similar conclusory statement that the plaintiff's impairment did not meet the listing to be error that required remand).[3]

Defendant contends any error the ALJ made at step three was harmless because the ALJ's step-four discussion was adequate to overcome the shortcomings

---

[3] In her brief, Plaintiff specifies the medical evidence she believes supports her contention that her impairments meet or equal Listing 14.02. Doc. No. 23 at 23-26. First, she cites the medical records supporting a finding that at least two body systems are involved, in her case her skin (frequent rashes) and immune system disorders (rheumatoid arthritis). Doc. No. 23 at 23. She also specifies the medical evidence supporting severe fatigue and malaise as the required "constitutional symptoms." *Id.* at 24. Her argument appears to be supported by the evidence. On remand, the ALJ should thoroughly discuss the medical evidence and explain why the signs and symptoms of her SLE do or do not meet or equal the criteria for Listing 14.02.

of his step-three analysis. In asserting this argument, Defendant relies on the ALJ's discussion and conclusion that Plaintiff's reported symptoms were belied by other evidence of record. The portions of the ALJ's decision upon which Defendant relies, however, have very little, if any, relationship to fatigue and malaise.

For example, Defendant cites a portion of the ALJ's decision where the ALJ states, "[T]he majority of Plaintiff's physical examinations were unremarkable and in fact showed normal strength and tone." Doc. No. 25-1 at 12. Defendant fails to explain, however, how these findings are relevant to the question of whether Plaintiff suffers from fatigue or malaise for purposes of Listing 14.02A. This case, therefore, is distinguishable from *Fisher-Ross*, *supra*, wherein the court found the ALJ's lack of step three analysis harmless. Here, the Court cannot rely on the ALJ's discussion of the evidence at step four to overlook the ALJ's failure to discuss the medical evidence and explain why Plaintiff's impairment did not meet or equal Listing 14.02A at step three. *See Murdock*, 458 F. App'x at 704 (holding that an ALJ's failure to discuss evidence at step three is harmless error only if the Court can look at the ALJ's discussion at steps four and five and find that no reasonable factfinder could conclude that the claimant's impairments met or equaled the listing). Thus, this Court finds the ALJ's error at step three was not harmless. The ALJ did not expressly consider the medical evidence in the light of the criteria for meeting Listing 14.02 and the regulatory explanation of the same. What is more, the ALJ's

subsequent discussion and findings did not clarify whether the ALJ had accurately considered the Listing's criteria at step three. *Clifton*, 79 F.3d at 1010; *Stewart v. Colvin*, No. CIV-12-0802-HE, 2013 WL 3852775, at *4 (W.D. Okla. July 24, 2013).

V.   Conclusion

Based on the foregoing analysis, the decision of Defendant is reversed and remanded for further proceedings consistent with this Order. Judgment will issue accordingly.

ENTERED this   27th   day of   September  , 2021.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE